# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
BRIAN C. PADGETT, BAR NO. 7474.

No. 83347





MAY 19 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF DISBARMENT*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that attorney Brian C. Padgett be suspended from the practice of law for five years based on violations of RPC 1.15 (safekeeping property), RPC 5.1 (responsibilities of partners, managers, and supervisory lawyers), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct). The panel recommends that this five-year suspension run consecutively to the five-year suspension Padgett is currently serving for other violations. *See In re Discipline of Padgett*, No. 81918, 2021 WL 2070641 (Nev. May 21, 2021) (Order of Suspension). We first address Padgett's arguments that he contends warrant setting aside the panel's findings of fact, conclusions of law, and recommendation and providing him a new hearing on the underlying disciplinary complaint.

Padgett first argues that the panel's findings of fact, conclusions of law, and recommendation should be set aside because the disciplinary proceedings did not afford him due process. Specifically,

22-15846

Padgett contends that the panel chair denied him the opportunity to exercise peremptory challenges, present evidence, and have his disciplinary hearing in-person. Having reviewed the record, Padgett has not shown that relief is warranted on these bases. First, after reviewing the record, we perceive no due process violation in Padgett's loss of any peremptory challenges. *See Burnside v. State*, 131 Nev. 371, 386, 352 P.3d 627, 638 (2015) (explaining that "there is no constitutional right to peremptory challenges"). Moreover, Padgett waived his opportunity to exercise peremptory challenges by failing to respond to the State Bar's complaint, resulting in the filing of a notice of intent to proceed on a default basis. *See* Nevada State Bar Disciplinary Rules of Procedure (DRP) 13(a). Despite that waiver, the record reflects that the panel chair afforded Padgett an opportunity to submit any peremptory challenges at the prehearing conference and Padgett did not do so. Second, any evidence precluded by the panel chair resulted from Padgett's unjustified failure to comply with the procedural rules governing disciplinary proceedings and the panel chair's orders. *See* NRCP 16.1(a)(1); NRCP 37(c)(1); *see also* DRP 17(a). Finally, considering the circumstances of the COVID-19 pandemic, conducting the disciplinary hearing via videoconferencing did not deny Padgett a fair hearing. *See Chaparro v. State*, 137 Nev., Adv. Op. 68, 497 P.3d 1187, 1191-92 (2021) (rejecting a due process challenge to a criminal sentencing hearing held over Zoom due to the COVID-19 pandemic). And any issues that occurred during the hearing were the result of Padgett refusing to participate in good faith.

Turning to the remainder of the panel's decision, the State Bar has the burden of showing by clear and convincing evidence that Padgett committed the violations charged. *See In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's findings of fact, SCR 105(3)(b), and will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see In re Discipline of Colin*, 135 Nev. 325, 329, 448 P.3d 556, 560 (2019). We review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b). The record shows that the State Bar presented substantial evidence that Padgett violated the rules referenced above by (1) failing to safeguard client documents, (2) failing to ensure a subordinate attorney conformed to the rules of professional conduct, (3) failing to fully respond to the State Bar's investigation, and (4) making multiple misrepresentations to the State Bar.

In considering the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline).

Padgett knowingly violated duties owed to his clients (safekeeping property and responsibilities of partners, managers, and supervisory lawyers) and the legal profession (bar admission and disciplinary matters, and misconduct). The record supports the panel's

conclusion that Padgett's misconduct resulted in actual injury to his clients and the legal profession.

Before considering aggravating and mitigating circumstances, suspension is the baseline sanction for Padgett's misconduct. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 6.12 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court[,] . . . takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding."). The panel found, and the record supports, eight aggravating circumstances (prior disciplinary offenses, dishonest of selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders, refusal to acknowledge the wrongful nature of conduct, substantial experience in the practice of law, and indifference to making restitution), and no mitigating circumstances. Considering all the factors, especially the fact that Padgett is already serving a five-year suspension for other offenses, we conclude that the scope of Padgett's misconduct and the aggravating circumstances warrant an upward deviation from the baseline sanction.

Accordingly, we disbar attorney Brian C. Padgett from the practice of law. Such disbarment is irrevocable. SCR 102(1). Further, Padgett shall pay the costs of the disciplinary proceedings, including $3,000

under SCR 120, within 30 days from the date of this order if he has not already done so.[1] The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.              _____, J.
Hardesty                                        Stiglich

_____, J.              _____, J.
Cadish                                           Silver

_____, J.              _____, J.
Pickering                                       Herndon

cc:    Chair, Northern Nevada Disciplinary Board
        Brian C. Padgett
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court

---

[1]In reaching this disposition, we have considered Padgett's other argument that the State Bar refused to negotiate a settlement and conclude it lacks merit.